I respectfully dissent. The Deputy Commissioner who decided this case was not the initial hearing officer, and the Full Commission is in as good a position as the Deputy to judge credibility in this case. Giving the Deputy Commissioner all due deference, however, I cannot find as credible plaintiff's contention that the accident on 22 August 1995 caused a disc herniation ultimately requiring surgery.
It is perhaps understandable that plaintiff would misstate the accident date on the Form 18 and Form 33 and that Dr. Brawley's records would incorrectly (allegedly) note a history of a fall in October 1995 rather than August 1995. There are, however, too many other inconsistencies:
Plaintiff testified that her ankle pain (the ankle required no treatment whatsoever) was her "primary" concern at the time she slipped on the wet floor, but that her back was stiff at the time. However, she admitted on cross-examination that her back was not stiff at the time but started to get stiff later in the evening. Yet when plaintiff reported the incident to her supervisor the next morning, the supervisor wrote up an ankle injury but not a back injury. Plaintiff said that she also told the supervisor that her back was stiff and that she signed the report without reading it and failed to notice that only the ankle was mentioned. The circumstances are more persuasive that plaintiff did not mention back pain or stiffness to the supervisor, either because her ankle was her primary concern or because her back was not giving her any trouble.
Plaintiff first saw Dr. James on 13 September 1995 and denied any trauma. She explained that she thought her kidneys were the problem, although that concern is not noted in the medical records. Her complaint was low back pain that had been present for five days. Dr. James diagnosed lumbar strain. Why would plaintiff fail to mention the slip incident if, as she testified, she was stiff within a few hours of the slip and the stiffness and soreness continued to increase over the next twenty-some days? Had her back been stiff and sore since 22 August 1995, or did it begin to hurt on or about 8 September 1995 as she told Dr. James? It becomes more difficult to explain away this inconsistency in light of Dr. Liljeberg's records.
Plaintiff first saw Dr. Liljeberg on 26 September 1995. She admitted that she again denied any trauma. Dr. Liljeberg's records state, "She denies any trauma. She states she just awoke one morning with the pain." Plaintiff denied the latter statement.
If we discount plaintiff's testimony that she told her supervisor that her back was stiff, then plaintiff did not notify defendant-employer of her claim until she filed her Form 18 on 10 April 1996 — which was after the MRI disclosing the herniation (and after she had been terminated.) (Defendant-employer knew that plaintiff's absences and her inability to perform her regular job duties were due to back complaints, but defendant-employer did not know that those complaints were allegedly job related.) Plaintiff's reasons for the delay in giving notice vary: she "didn't realize the extent of the damage" until she got the MRI results; she had just bought a new car and did not want to file a claim and jeopardize her job; and, she did not know how to file a claim until a friend advised her. The inconsistencies are too many to ignore.
It is not proper to resolve all of these inconsistencies in plaintiff's favor. I would reverse the award of benefits in this case.
 S/ __________________ RENÉE C. RIGGSBEE COMMISSIONER